S. LANE TUCKER
United States Attorney

CARLY VOSACEK
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, AK 99701
Phone: (907) 456-0245
Email: carly.vosacek@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | No. 4:24-cr-00005-RRB-SAO |
|---|---|
| Plaintiff, | COUNT 1: <br> AGGRAVATED IDENTITY THEFT <br>   Vio. of 18 U.S.C. § 1028A(a)(1) |
| vs. | |
| JACOB CENTENO, and AMBER DAVILA, | COUNT 2: <br> CONSPIRACY TO COMMIT WIRE FRAUD <br>   Vio. of 18 U.S.C. § 1349 |
| Defendants. | COUNTS 3-7: <br> WIRE FRAUD <br>   Vio. of 18 U.S.C. § 1343 |
| | COUNT 8: <br> CONSPIRACY TO COMMIT MONEY LAUNDERING <br>   Vio. of 18 U.S.C. § 1956(h), 18 U.S.C. § 1956 (a)(1)(B)(i) |
| | COUNTS 9-16: <br> MONEY LAUNDERING <br>   Vio. of 18 U.S.C. § 1956(a)(1)(B)(i) |

| | CRIMINAL FORFEITURE ALLEGATION 1: 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) |
| | CRIMINAL FORFEITURE ALLEGATION 2: 18 U.S.C. § 981(a)(1)(A) and 28 U.S.C. § 2461(c) |

# INDICTMENT

The Grand Jury charges that:

INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

1. Victim Business is a restaurant located in North Pole, Alaska, owned by Victim 1, a resident of Alaska.

2. Victim Business utilized Paysafe Merchant Services ("Paysafe") to transfer sale proceeds to its Mt. McKinley Bank business account ending in 3681.

3. Paysafe is an international business that provides point of sale payment processing services for merchants. Paysafe causes proceeds to be deposited into the merchant business account. These transactions are wire communications in interstate commerce.

4. Victim Business's account with Paysafe was being managed out of Florida. Paysafe processes the point of sale, then virtually holds those funds in Florida until they are processed into the merchant account.

5. Mt. McKinley Bank is headquartered in Fairbanks, Alaska.

6. Bank of America is headquartered in Charlotte, North Carolina.

7. Victim 2 is a resident of North Carolina.

SCHEME TO DEFRAUD

8. Beginning in or about July 2022, and continuing through August 2022, in the District of Alaska and elsewhere, the defendants JACOB CENTENO, and AMBER DAVILA, devised a material scheme and artifice to defraud Victim Business of money. CENTENO and DAVILA obtained banking information from Victim Business. CENTENO and DAVILA obtained identification information for Victim 1 and fraudulently held themselves out to be Victim 1 to Paysafe. As a result, Paysafe caused Victim Business's proceeds to divert to Bank of America Business account ending in 0885. In total, CENTENO and DAVILA caused five transactions to be diverted from Victim Business's account at Mt. McKinley to their fraudulently established Bank of America account, for which Victim Business lost $128,246.05 between August 4, 2022, and August 9, 2022.

MANNER AND MEANS OF THE SCHEME TO DEFRAUD

9. CENTENO and DAVILA registered ORODMELINE LLC on July 8, 2022, with the Office of the Secretary of State of Illinois with Victim 2's identity listed as the registered owner. Victim 2's identity was further used to open a business account with Bank of America ending 0885.

10. On July 7, 2021, CENTENO and DAVILA registered EROS LLC with the Office of the Secretary of State of Illinois, identifying JACOB CENTENO and AMBER

DAVILA as managers. CENTENO and DAVILA opened a business account with Bank of America ending 2389 for EROS LLC.

11. CENTENO and DAVILA, along with unknown conspirators, obtained access to Victim 1's e-mail. Through his e-mail, CENTENO and DAVILA obtained banking information for Victim Business's Mt. McKinley account ending in 3681.

12. CENTENO and DAVILA, along with unknown conspirators, obtained access to Victim 1's e-mail and obtained the Social Security number and date of birth for Victim 1.

13. On July 29, 2022, CENTENTO and DAVILA contacted Paysafe pretending to be Victim 1 and requested to change the bank account for Victim Business. CENTENO and DAVILA requested Paysafe deposit proceeds from Victim Business into CENTENO and DAVILA's ORODMEDLINE LLC Bank of America Business account ending in 0885.

14. Paysafe e-mailed an "ACH Debits/ Credits Bank Account Change Request" form to Victim 1's e-mail. On August 1, 2022, CENTENO and DAVILA intercepted that e-mail, filled out the form and returned it to Paysafe via Victim 1's e-mail, then deleted the e-mail traffic.

15. On August 3, 2022, CENTENO called Paysafe and provided a partial Social Security number and full date of birth for Victim 1. CENTENO provided the bank account information for the Victim Business account at Mt. McKinley Bank and the banking information for the fraudulent ORODMEDLINE LLC Bank of America account.

16. CENTENO was advised by Paysafe that he needed a voided check in order

to complete the bank change process. CENTENO asked if a letter from Bank of America would be sufficient. The representative from Paysafe agreed.

17. CENTENO and DAVILA drafted a fraudulent bank letter purporting to be from Bank of America and submitted it to Paysafe via Victim 1's e-mail, then deleted the e-mail traffic.

18. Paysafe changed the banking information for Victim Business and diverted all proceeds to the ORODMEDLINE LLC Bank of America account ending in 0885 for the period of August 4, 2022, through August 9, 2022, resulting in the theft of $128,246.05 from Victim Business.

19. Of the $128,246.05 diverted from Victim Business's Mt. McKinley account, CENTENO and DAVILA purchased the following money orders:

- $22,048.40 worth of money orders at various United States Postal Service locations in Chicago, Illinois.
- $19,036.63 worth of money orders from Western Union in various locations in Chicago, Illinois.

20. All of the purchases were for two $1,000.00 money orders at each location, avoiding the identification requirement for purchases of $3,000.00 or more.

21. CENTENO and DAVILA deposited the money orders in their various personal and business accounts in aggregate amounts of less than $10,000.00 to avoid Bank Secrecy Act reporting requirements.

22. CENTENO and DAVILA withdrew money from the EROS LLC account and deposited it into their individual accounts further layering the proceeds from their

scheme to defraud, concealing the source of the funds.

## COUNT 1
## AGGRAVATED IDENTITY THEFT

23. Paragraphs 1-22 of this Indictment are hereby realleged in their entirety and incorporated by reference herein.

24. Beginning at a time unknown and continuing until at least August 4, 2022, within the District of Alaska and elsewhere, the defendants JACOB CENTENO, and AMBER DAVILA did knowingly transfer, possess, and use, without lawful authority, means of identification of another person, to wit: part of the Social Security number and date of birth of Victim 1, during and in relation to the commission of a felony enumerated in 18 U.S.C. § 1028A(a)(1), to wit: wire fraud in violation of 18 U.S.C § 1343.

All of which is in violation of 18 U.S.C. § 1028A(a)(1).

## COUNT 2
## CONSPIRACY TO COMMIT WIRE FRAUD

25. Paragraphs 1-22 of this Indictment are hereby realleged in their entirety and incorporated by reference herein.

26. From on or about July 2022, through on or about August 2022, within the District of Alaska and elsewhere, the defendants JACOB CENTENO, and AMBER DAVILA did knowingly and intentionally conspire to devise a scheme and artifice to defraud one or more persons, to wit: Victim Business, and to obtain money and property from Victim Business by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, and, for the purpose of executing such scheme and artifice and attempting to do so, did transmit, and cause to

be transmitted, by means of wire communication in interstate commerce, certain writings, signs and signals, in violation of 18 U.S.C. § 1349.

All of which is in violation of 18 U.S.C. § 1349.

## COUNTS 3-7
## WIRE FRAUD

27. Paragraphs 1-22 of this Indictment are hereby realleged in their entirety and incorporated by reference herein.

28. On or about the dates set forth in the separate counts below, within the District of Alaska and elsewhere, the defendants JACOB CENTENO, and AMBER DAVILA did knowingly, and with intent to defraud, devise and intend to devise a scheme and artifice to defraud as to a material matter and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, and, for the purpose of executing such scheme and artifice and attempting to do so, did transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs and signals, namely:

| COUNT | DATE | DESCRIPTION OF WIRE COMMUNICATION | AMOUNT |
|---|---|---|---|
| 3 | August 4, 2022 | Wire Transfer from Paysafe Merchant Services in Florida to ORODMEDLINE LLC Bank of America Account ending 0885 in North Carolina | $18,805.34 |
| 4 | August 5, 2022 | Wire Transfer from Paysafe Merchant Services in Florida to ORODMEDLINE LLC Bank of America Account ending 0885 in North Carolina | $72.65 |
| 5 | August 8, 2022 | Wire Transfer from Paysafe Merchant Services in Florida to ORODMEDLINE LLC Bank of America Account ending 0885 in North Carolina | $15,422.15 |

| 6 | August 8, 2022 | Wire Transfer from Paysafe Merchant Services in Florida to ORODMEDLINE LLC Bank of America Account ending 0885 in North Carolina | $47,346.71 |
| 7 | August 9, 2022 | Wire Transfer from Paysafe Merchant Services in Florida to ORODMEDLINE LLC Bank of America Account ending 0885 in North Carolina | $46,599.20 |

All of which is in violation of 18 U.S.C. § 1343.

## COUNT 8
## CONSPIRACY TO COMMIT MONEY LAUNDERING

29. Paragraphs 1-22 of this Indictment are hereby realleged in their entirety and incorporated by reference herein.

30. From on or about July 2022 through on or about December 2022, in the District of Alaska and elsewhere, the defendants JACOB CENTENO, and AMBER DAVILA knowingly and intentionally combined, conspired, and agreed with each other and with other persons known and unknown to the Grand Jury, to commit offenses against the United States in violation of 18 U.S.C. § 1956(a)(1)(B)(i), to wit: to knowingly and intentionally conduct financial transactions involving the proceeds of specified unlawful activity, that is, Wire Fraud, in violation of 18 U.S.C. § 1343, as alleged in Counts 3-7, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

All of which is in violation of 18 U.S.C. § 1956(h), 18 U.S.C. § 1956(a)(1)(B)(i).

## COUNTS 9-16
## MONEY LAUNDERING

31.   Paragraphs 1-22 of this Indictment are hereby realleged in their entirety and incorporated by reference herein.

32.   In the separate counts listed below as counts 9-16, the defendants JACOB CENTENO, and AMBER DAVILA conducted financial transactions involving property that represented the proceeds of wire fraud in violation of 18 U.S.C. § 1343 knowing that the property represented the proceeds of that wire fraud and that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds and to avoid transaction reporting requirements under State or Federal law, to wit: JACOB CENTENO, and AMBER DAVILA purchased eight separate $1,000.00 money orders, two at a time over multiple days in multiple locations, using the ORODMEDLINE LLC Bank of America account ending in 0885 and aggregated them into one deposit into EROS LLC Bank of America account ending 2389.

| COUNT | DATE PURCHASED | PURCHASED | DATE DEPOSITED |
|---|---|---|---|
| 9-10 | August 4, 2022 | 2 X $1,000.00 MONEY ORDER | August 16, 2022 |
| 11-12 | August 9, 2022 | 2 X $1,000.00 MONEY ORDER | August 16, 2022 |
| 13-14 | August 9, 2022 | 2 X $1,000.00 MONEY ORDER | August 16, 2022 |
| 15-16 | August 11, 2022 | 2 X $1,000.00 MONEY ORDER | August 16, 2022 |

All of which is in violation of 18 U.S.C. § 1956 (a)(1)(B)(i).

//

//

# CRIMINAL FORFEITURE ALLEGATION 1
## AGGRAVATED IDENTITY THEFT AND WIRE FRAUD PROCEEDS

33. The allegations contained in Counts 1-7 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

34. Upon conviction of any of the offenses in violation of 18 U.S.C. §§ 1028A(a)(1), 1343, and 1349, set forth in Counts 1-7 of this Indictment, the defendants, JACOB CENTENO, and AMBER DAVILA, shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C), any property, which constitutes or is derived from proceeds traceable to such violations, including a forfeiture money judgment.

If any of the property described above, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

//

# CRIMINAL FORFEITURE ALLEGATION 2
## PROPERTY INVOLVED IN MONEY LAUNDERING

35. The allegations contained in Counts 8-16 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

36. Upon conviction of any of the offenses in violation of 18 U.S.C. §§ 1956(h) and 1956(a)(1)(B)(ii), set forth in Counts 8-16 of this Indictment, the defendants, JACOB CENTENO, and AMBER DAVILA, shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(A), any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956(h) and 1956(a)(1)(B)(ii), or any property traceable to such property, including a forfeiture money judgment.

If any of the property described above, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

//

All pursuant to 18 U.S.C. § 981(a)(1)(A) and 28 U.S.C. § 2461(c).

A TRUE BILL.

s/ Grand Jury Foreperson
GRAND JURY FOREPERSON

s/ Michael J. Heyman for
CARLY VOSACEK
Assistant U.S. Attorney
United States of America

s/ S. Lane Tucker
S. LANE TUCKER
United States Attorney
United States of America

DATE:  May 21, 2024